1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLES R. BRAND,                         No.  2:16-cv-1811-MCE-EFB P

12              Plaintiff,

13        v.                                   ORDER GRANTING IFP AND SCREENING
                                               COMPLAINT PURSUANT TO 28 U.S.C. §
14   ANNE MARIE SCHUBERT, et al.,              1915A

15              Defendants.

16

17        Plaintiff is a county inmate proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  He seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and

19   has filed what he styles as a petition for a writ of mandate.

20   **I.    Request to Proceed In Forma Pauperis**

21        Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24   § 1915(b)(1) and (2).

25   **II.   Screening Requirement and Standards**

26        Federal courts must engage in a preliminary screening of cases in which prisoners seek

27   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

28   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

1    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

2    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

3    relief." *Id.* § 1915A(b).

4         A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

5    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

6    plain statement of the claim showing that the pleader is entitled to relief, in order to give the

7    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

8    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

9    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

10   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

11   U.S. 662, 679 (2009).

12        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

13   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

14   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

15   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

16   678.

17        Furthermore, a claim upon which the court can grant relief must have facial plausibility.

18   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

19   content that allows the court to draw the reasonable inference that the defendant is liable for the

20   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

21   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

22   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

23   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

24   **III.    Screening Order**

25        The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds it

26   must be dismissed.  From the face of the complaint it is clear that plaintiff is suing defendants

27   who are immune from suit, and further, his allegations simply fail to state a claim.  Plaintiff

28   alleges that his criminal defense attorneys are not raising certain issues in his defense and have

1    committed perjury by raising doubts as to his competency to stand trial.  In addition to damages,

2    plaintiff requests that this court stay the competency proceedings in state court and order his

3    immediate release from confinement.  Plaintiff names as defendants his defense attorneys, the

4    Sacramento County District Attorney, a Deputy District Attorney, two judges of the Sacramento

5    County Superior Court, the County of Sacramento, and the State of California.

6         To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

7    constitutional or statutory right; and (2) that the violation was committed by a person acting under

8    the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

9    930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the

10   facts establish the defendant's personal involvement in the constitutional deprivation or a causal

11   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

12   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

13   (9th Cir. 1978).   Plaintiff may not sue any official on the theory that the official is liable for the

14   unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

15   He must identify the particular person or persons who violated his rights.  He must also plead

16   facts showing how that particular person was involved in the alleged violation.

17        Plaintiff's court-appointed attorneys cannot be sued under § 1983.  *See Polk County v.*

18   *Dodson*, 454 U.S. 312, 318-19 (1981) (public defenders do not act under color of state law for

19   purposes of § 1983 when performing a lawyer's traditional functions).  And any potential claims

20   for legal malpractice do not come within the jurisdiction of the federal courts.  *Franklin v.*

21   *Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981).  State prosecutors are also entitled to absolute

22   prosecutorial immunity for acts taken in their official capacity.  *See Kalina v. Fletcher*, 522 U.S.

23   118, 123–24 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–70 (1993); *Imbler v. Pachtman*,

24   424 U.S. 409, 427, 430–31 (1976) (holding that prosecutors are immune from civil suits for

25   damages under § 1983 for initiating prosecutions and presenting cases).  In addition, "[j]udges are

26   absolutely immune from damage actions for judicial acts taken within the jurisdiction of their

27   courts . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all

28   /////

3

1    jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d

2    1202, 1204 (9th Cir. 1988) (per curiam).

3          In addition, the State of California is not a "person" within the meaning of § 1983 and is

4    immune from suit under the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491

5    U.S. 58, 66 (1989); *see also Hafer v. Melo*, 502 U.S. 21, 30 (1991) (clarifying that Eleventh

6    Amendment does not bar suits against state officials sued in their individual capacities, nor does it

7    bar suits for prospective injunctive relief against state officials sued in their official capacities).

8          Moreover, a municipal entity (such as Sacramento County) or its departments is liable

9    under section 1983 only if plaintiff shows that his constitutional injury was caused by employees

10   acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v.*

11   *Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658,

12   691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).  Local

13   government entities may not be held vicariously liable under section 1983 for the unconstitutional

14   acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v.*

15   *Brown*, 520 U.S. 397, 403 (1997).

16         Plaintiff's requests for equitable relief are also improper.  First, he asks this court to stay

17   state court proceedings regarding his competency to stand trial.  Such an order is barred by

18   *Younger v. Harris*, 401 U.S. 37 (1971).  Federal courts may not enjoin pending state criminal

19   proceedings except under extraordinary circumstances. *Id.* at 49, 53.   No facts demonstrating

20   such extraordinary circumstances are alleged here.  Second, plaintiff asks for immediate release

21   from the state's custody.  That claim, too, is barred.  Claims that, if successful, would secure a

22   plaintiff's immediate release, fall within the "core of habeas" and cannot be brought in a § 1983

23   action. *See Ramirez v. Galaz*a, 334 F.3d 850, 856 (9th Cir. 2003).  The Ninth Circuit has recently

24   clarified that "habeas is available only for state prisoner claims that lie at the core of habeas (and

25   is the exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner

26   /////

27   /////

28   /////

1    claims that do not lie at the core of habeas." *Nettles v. Grounds*,      F.3d    , 2016 U.S. App.

2    LEXIS 13573 * 20, 2016 WL 3997255 (9th Cir. 2016).[1]  Accordingly, this section 1983 suit is an

3    inappropriate vehicle for seeking release from custody.

4         Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable

5    legal theory against a proper defendant and sufficient facts in support of that cognizable legal

6    theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must

7    afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

8    Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set

9    forth the claims and allegations against each defendant.  Any amended complaint must cure the

10   deficiencies identified above and also adhere to the following requirements:

11        Any amended complaint must identify as a defendant only persons who personally

12   participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

13   *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

14   constitutional right if he does an act, participates in another's act or omits to perform an act he is

15   legally required to do that causes the alleged deprivation).

16        It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

17        Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George*

18   *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

19        Any amended complaint must be written or typed so that it so that it is complete in itself

20   without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

21   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

22   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

23   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

24   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

25   1967)).

26

27        [1] "[T]he general grant of habeas authority in Section 2241 is available for challenges by a
     state prisoner who is not in custody pursuant to a state court judgment – for example, a defendant
28   in pre-trial detention[.]" *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004).

1    The court cautions plaintiff that failure to comply with the Federal Rules of Civil

2  Procedure, this court's Local Rules, or any court order may result in this action being dismissed

3  with prejudice.  *See* E.D. Cal. Local Rule 110.

4  **IV.    Petition for Writ of Mandate**

5    Plaintiff also seeks a writ of mandate to compel the state court to dismiss one of his

6  "enhancing priors."  ECF No. 6 at 3.  In addition to the bar of *Younger v. Harris* to interfering

7  with a pending state court criminal proceeding, federal courts are not the proper venue for

8  plaintiff to proceed with an appeal of a ruling by a state court.  Further, in a federal mandamus

9  action, the court can only issue orders against employees, officers or agencies *of the United*

10  *States*.  *See* 28 U.S.C. § 1361.  Thus, the court cannot issue a writ of mandamus commanding

11  state courts to act in accordance with plaintiff's requests.  *See Demos v. United States Dist. Court*

12  *for the E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991); *Clark v. Washington*, 366 F.2d

13  678, 681-82 (9th Cir. 1966).  Therefore, the court cannot afford plaintiff the relief he requests.  If

14  plaintiff contends that he is in custody in violation of the Constitution or laws or treaties of the

15  United States, he may commence a new action by filing an application for a writ of habeas corpus

16  pursuant to 28 U.S.C. § 2254.

17  **V.    Summary of Order**

18    Accordingly, IT IS HEREBY ORDERED that:

19      1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

20      2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected

21          in accordance with the notice to the Sacramento County Sheriff filed concurrently

22          herewith.

23      3.  The complaint is dismissed with leave to amend within 30 days.  The complaint

24          must bear the docket number assigned to this case and be titled "Amended

25          Complaint."  Failure to comply with this order will result in dismissal of this

26          action for failure to prosecute.  If plaintiff files an amended complaint stating a

27          cognizable claim the court will proceed with service of process by the United

28          States Marshal.

1        4.   Plaintiff's "petition for writ of mandate" (ECF No. 6) is denied.

2   Dated:  February 6, 2017.

3

4                                    EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28