UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES R. BRAND,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANNE MARIE SCHUBERT, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-1811-MCE-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding in forma pauperis without counsel in an action brought under 42 U.S.C. § 1983. His initial complaint (ECF No. 1) was dismissed with leave to amend. ECF No. 7. Plaintiff has filed an amended complaint (ECF No. 13) which is before the court for screening.

**I.　　Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

/////

/////

2

## II. Screening Order

Plaintiff alleges that, on April 27, 2015, deputy district attorney Scott Schweibish made false statements in court. ECF No. 13 at 1-2. He claims that Schweibish made these statements during an ex-parte proceeding and in connection with a declaration of probable cause used to support a hold on plaintiff's bail release. *Id.* at 2. Plaintiff alleges this false testimony deprived him of his liberty interest in posting bail. *Id.* at 4.

These allegations do not state a cognizable claim. Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). This extends to prosecutorial conduct during bail proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("We have not retreated, however, from the principle that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."). Further, assuming that Schweibish acted as a witness during the relevant proceeding, he is protected by the Supreme Court's holding in *Briscoe v. Lahue*, wherein it emphasized that testifying government officials – like police officers and prosecutors – were protected from section 1983 liability based on their witness testimony. 460 U.S. 325, 342-343 (1983) ("Subjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties.").

The court notes that the caption of the complaint indicates the existence of other defendants, namely "John Does 1-100", but there are no explicit allegations against any Doe defendants in the body of the complaint.

## III. Leave to Amend

This is plaintiff's second complaint and he is no closer to identifying a cognizable claim upon which this action might proceed. Indeed, the only defendant explicitly mentioned in the amended complaint is, as noted above, immune from suit under section 1983. Accordingly, the court finds that granting further leave to amend would be futile. *Plumeau v. School Dist. # 40*,

130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

## IV. Conclusion

Accordingly, it is hereby ORDERED that the previous findings and recommendations (ECF No. 10) are VACATED and it is hereby RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 1, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE